UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DEBORAH WALTON, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-MC-89-JEM |
| | ) | |
| BMO HARRIS BANK, *et al.,* | ) | |
| *Defendants.* | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant BMO Harris Bank, N.A.'s Verified Motion to Quash Subpoenas [DE 1], filed on November 28, 2017. The Bank requests that the Court quash subpoenas that were issued to five of its employees in connection with a case currently pending in the Southern District of Indiana.

In the underlying case, *Walton v. BMO Harris Bank, N.A.,* case number 1:16-CV-3302-WTL-DML, the *pro se* Plaintiff, Deborah Walton, caused subpoenas to be issued to five employees of the Bank after two previous subpoenas were quashed for failing to comply with the location requirement of Federal Rule of Civil Procedure 45(c)(1). The subpoenas that are before the Court today command the five subpoenaed individuals to appear and testify at depositions scheduled for November 28, 2017, and November 30, 2017, at a location in Gary, Indiana, and to bring with them certain documents for inspection and copying. Because the employees were asked to appear at a location within the Northern District of Indiana, this Court has jurisdiction over the Instant Motion. *See* Fed. R. Civ. P. 45(d)(3)(A) (giving jurisdiction over motions to quash subpoenas to "the court for the district where compliance is required").

Before examining the substance of the Bank's Motion, the Court must first determine whether the Bank has standing to pursue the relief it requests. In general, "a party . . . has no

standing to move to quash a subpoena issued to a third party." *Allstate Insurance Co. v. Electrolux Home Products, Inc.,* No. 16-CV-4161, 2017 WL 548297 at *3 (N.D. Ill. Nov. 15, 2017). However, "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *Alderson v. Ferrellgas, Inc.,* 3:12-CV-305-TLS-CAN, 2013 WL 11325054 (N.D. Ind. Aug. 22, 2014). A third-party subpoena requesting business records from a party's employee constitutes a sufficient infringement on that party's business interests to confer standing. *See Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013) (finding that a movant had standing to object to a subpoena which sought "business records from one of its own employees"). In this case, because all of the subpoenaed individuals are employees and officers of the Bank, the Bank has standing to bring the instant Motion to Quash.

The Bank raises several arguments in objection to the subpoenas. First, it contends that the subpoenas violate the location requirement of Rule 45(c)(1) because the subpoenaed individuals live and work outside of the state of Indiana. However, Rule 45(c)(1)(A) permits parties to require subpoenaed individuals to appear "within 100 miles of where the person . . . is employed." The record shows that the subpoenaed individuals all work at a Naperville, Illinois address which is less than 65 miles from the Gary, Indiana location to which the subpoenaed individuals were called to appear. Thus, the subpoenas do not exceed the location limitation imposed by Rule 45(c)(1).

The Bank next argues that the subpoenas should be quashed because they were not properly served on the Bank and because they failed to provide a reasonable time to comply. Federal Rule 30(b)(1) sets forth the notice requirements: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Further, if a Rule 45 subpoena "commands the production of documents, electronically stored information, or tangible things . . . then before

2

it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). In addition, the Local Rules for the Southern District of Indiana state that "[u]nless agreed by counsel or otherwise ordered by the court, no deposition will be scheduled on less than 14 days advance notice." S. Dist. Ind., L.R. Rule 30-1(d). The Bank represents that it received copies of the subpoenas on November 21, 2017, which it represents was after the subpoenas were served on the subpoenaed individuals, in violation of Federal Rule 45(a)(4). In addition, the date the Bank received notice was only seven days before one of the scheduled depositions and nine days before the other. Notice periods of seven and nine days fall short of both the 14-day requirement of Local Rule 30-1(d) and the reasonableness requirement of the Federal Rules, particularly where, as here, the intervening days include the Thanksgiving holiday weekend, and the depositions may require counsel to travel.

The Federal Rules of Civil Procedure emphasize the importance of cooperation between parties on discovery matters. *See, e.g.*, Fed. R. Civ. P. 26(c)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."). The Southern District of Indiana's Local Rules likewise require attorneys to "make a good faith effort to schedule depositions in a manner that avoids scheduling conflicts." S. D. Ind. L.R. 30(d). The Bank represents that Plaintiff did not attempt to confer with it in scheduling the depositions, and that counsel for the Bank had a scheduling conflict on one of the relevant days. Although Local Rule 30(d) specifically governs the conduct of attorneys, it is important for all parties, including *pro se* parties, to confer in advance of scheduling depositions, in order to avoid conflicts. If Plaintiff believes the Bank is not making a good faith effort to cooperate in scheduling needed discovery, the appropriate recourse is to file a

Motion to Compel in the Southern District of Indiana, not to issue subpoenas commanding the third parties to appear with limited notice.

The Bank also asserts that Plaintiff failed to tender with the subpoenas the witness fees required by Federal Rule 45(b)(1), and that the subpoenas are unduly burdensome because the costs of attending and defending the depositions are disproportional to the needs of the case. These issues are more properly addressed by the court in which the case originated; therefore, the Court declines to make any finding on these matters.

For the foregoing reasons, the Court hereby **GRANTS** the Defendant BMO Harris Bank, N.A.'s Verified Motion to Quash Subpoenas [DE 1] and **QUASHES** the subpoenas that Plaintiff has caused to be served on Mary Kay D'Alessandro, Dan Gallagher, Robyn Dziwulski, Brian Rathmann, and Margarita Rivera in *Walton v. BMO Harris Bank, N.A.*,, Southern District of Indiana case number 1:16-CV-3302-WTL-DML.

SO ORDERED this 5th day of December, 2017.

        s/John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:    All counsel of record

      Deborah Walton
      P.O. Box 598, Westfield IN 46074

      Magistrate Judge Debra McVicker Lynch
      U.S. District Court for the Southern District of Indiana, Indianapolis Division
      46 E. Ohio Street, Indianapolis, IN 46304